IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
Western Division

**12L, LLC,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　　　　　　　　　　**No.: 2:18-cv-2350-TLP-cgc**

**KERRY ANN HUGHES**

    **Defendant.**

---

## REPORT AND RECOMMENDATION

---

    Before the Court, by way of Administrative Order 2013-05,[1] is the instant case. This matter was initiated in this court by the Defendant, Kerry Ann Hughes, on May 22, 2018 by removal of a forcible entry and detainer action from the Shelby County Court of General Sessions. (D.E. # 1). Title 28 United States Code Section 1446(a) required that the notice of removal contain "a short and plain statement of the grounds for removal". The notice of removal filed by Defendant states only that removal is pursuant to "Fed.R.Civ.P 11 and 28 U.S.C. §§ 1446 and 1448" but does not specify the basis and grounds for subject matter jurisdiction. Forcible entry and detainer actions are based solely upon state law, Tenn. Code Ann. §29-18-101 *et seq.*, and do not involve federal questions or a federal cause of action. As such Defendant must demonstrate that the basis for removal is supported by facts which demonstrate diversity of citizenship jurisdiction as set forth in 28 U.S.C. § 1332.

    On May 22, 2018, the undersigned entered an Order to Show Cause why the undersigned should not enter a Report and Recommendation recommending to the District Court that the

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation

cause be remanded *sua sponte*[2] to state court for lack of subject matter jurisdiction. (D.E. # 8) In response to the Order to Show Cause, Defendant has filed a Motion for Leave to Amend Complaint (D.E. # 9), and notices of voluntary nonsuit and voluntary dismissal (D.E. # 12 and 13). Because the Defendant cannot move to amend the complaint, it is RECOMMENDED that the Motion for Leave to Amend Complaint be DENIED.

Federal district courts have original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. When removing an action to federal court, the burden falls on the party removing the action to prove, by a preponderance of the evidence, that the jurisdictional facts it alleges are true such that removal was proper. See, e. g., *Her Majesty the Queen v. Detroit*, 874 F.2d 332, 229 (6th Cir.1989); *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir.1993). It is recommended that Ms. Hughes has failed to meet this burden. The Notice of Removal is fails to set forth any facts that would support a recommendation to the District Court that a federal question exists. Additionally, the detainer warrant supports no grounds for removal based on a federal question, and seeks only possession of the subject property. Therefore, it is RECOMMENDED that the District Court remand the detainer action to the Shelby County General Sessions Court due to the lack of subject matter jurisdiction.

**DATED** this 29th day of June, 2018.

s/Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL**

---

[2] If at anytime before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c), Fed.R.Civ.P 12(h)(3)